THIS OPINION
IS A PRECEDENT
OF THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

Lykos

Mailed: December 17, 2008

Cancellation No. 92048042

Cooper Technologies Company

v.

Denier Electric Co., Inc.

Before Seeherman, Rogers and Holtzman, Administrative Trademark Judges.

By the Board:

On July 15, 2008, respondent filed a motion for summary judgment. In response thereto, on August 18, 2008, petitioner filed a combined brief in opposition to respondent's motion for summary judgment as well as a cross-motion for summary judgment. For the reasons set forth below, both motions are denied without prejudice because the briefs exceed the page limit.

Trademark Rule 2.127(a), which was recently amended to codify the Board's policy stated in *Saint-Gobain v. Minnesota Mining and Manufacturing Company,* 66 USPQ2d 1220 (TTAB 2005) ("*Saint-Gobain*"), concerning page limitations for briefs on motions, provides in relevant part:

> Neither the brief in support of a motion nor the brief in response to a motion shall exceed twenty-five pages in length in its

        entirety, including table of contents, index
        of cases, description of record, statement of
        the issues, recitation of the facts,
        argument, and summary.[1]

    The page limitation for a "brief in response to a

motion" applies to a brief in which an opposition to a

motion and a cross-motion are combined but address the same

issues.  In other words, one cannot subvert the page

limitation for a brief by filing a combined brief in

opposition and cross-motion, when both portions of the

combined filing address the same issue raised by the

original motion.  Similarly, one cannot subvert the limit by

filing both a brief in opposition and a separate brief in

support of a cross-motion, when both address the same issue.

*C.f. Estate of Shakur v. Thug Life Clothing Co.,* 57 USPQ2d

1095, 1096 (TTAB 2000) (respondent improperly attempted to

circumvent the page limitation set forth in Trademark Rule

2.127(a) by "dissect[ing] what is a single motion to compel

into two motions separately addressing the interrogatories

and document requests in order to file briefs totaling 50

pages").  Thus, the rule with regard to page limits applies

to the situation presented here, where the combined response

---

[1] The rule does not require briefs on motions to include a table
of contents, index of cases, description of record, statement of
the issues, recitation of the facts, argument, and summary.
However, if any of the above are included, they are counted as
part of the stated page limit.  *See Miscellaneous Changes to
Trademark Trial and Appeal Board Rules,* 72 F.R. 42242, 42256
(August 1, 2007) (comments on briefing of motions).

and cross-motion are filed as a single brief and pertain to the same issues raised in the original motion.[2]

In this particular case, the brief in support of the original motion for summary judgment and the combined brief in response and cross-motion deal with the same issue, specifically, whether either party is entitled to judgment on petitioner's claims; and each brief exceeds the twenty-five page limit. Respondent's brief in support of its motion, including argument, table of contents and index of cases and authorities, is thirty pages in length; and petitioner's combined brief in opposition to respondent's motion and cross-motion for summary judgment, including argument, table of contents and index of cases and authorities, is twenty-seven pages in length.

Although we note that neither party objected to the excessive length of its adversary's brief, the page limitation for briefs on motions is intended to prevent the

---

[2] It should be noted that if the original motion and cross-motion involve different issues, the brief in support of the cross-motion will not count against the page limit applicable to the response to the original motion. For example, if the initial motion for summary judgment is on the plaintiff's pleaded ground of priority and likelihood of confusion, but the cross-motion seeks summary judgment on a counterclaim for cancellation of the plaintiff's pleaded registration on the ground of abandonment, the defendant could permissibly file a brief in opposition to the original motion and a brief in support of the cross-motion, and because they would not be addressing the same issue, each could be 25 pages, whether the briefs were filed separately or combined.

filing of unduly long briefs and consequent unnecessary burdens on the Board. The page limitation on briefs cannot be waived by action, inaction or consent of the parties. *See Saint-Gobain, supra.*[3]

Accordingly, we find that both parties' briefs on their respective summary judgment motions violate the Board rule regarding page limitations for briefs on motions. In consequence thereof, opposer's motion for summary judgment and applicant's cross-motion for summary judgment are denied, without prejudice.[4]

Proceedings herein are resumed and trial dates are reset as follows:

---

[3] In addition, briefs on motions must be double spaced and in at least 11-point type. *See* Trademark Rules 2.126(a)(1) and (b).

[4] Respondent's motion to strike petitioner's reply brief(filed October 14, 2008) is therefore moot.

While we have not considered the parties' respective briefs, we nonetheless draw the parties' attention to the following observations. First, respondent has not submitted any evidence that its ROUGH-IN READY mark would be perceived by the purchasing public as a double entendre. Second, evidence that a mark had acquired distinctiveness as of the date of registration can include "material that came into being after the date of registration provided that such material tended to show that as of the time of registration, the mark had acquired a secondary meaning." *Neapco, Inc. v. Dana Corp.,* 12 USPQ2d 1746, 1747 (TTAB 1989). Third, with respect to respondent's contention that petitioner has not properly pleaded its standing, respondent is referred to *Binney & Smith Inc. v. Magic Markers Industries, Inc.,* 222 USPQ 1003 (TTAB 1984) (allegations that a petitioner is engaged in the manufacture or sale of the same or related products as those listed in respondent's involved registration, or that the product in question is one which could be produced in the normal expansion of petitioner's business, constitute a sufficient pleading of standing).

```
THE PERIOD FOR DISCOVERY TO CLOSE:        CLOSED

30-day testimony period for party in
position of plaintiff to close:           2/15/09

30-day testimony period for party in
position of defendant to close:           4/16/09

15-day rebuttal testimony period for
party in position of plaintiff
to close:                                 5/31/09
```

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony.  Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b).  An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.

**NEWS FROM THE TTAB**:

The USPTO published a notice of final rulemaking in the Federal Register on August 1, 2007, at 72 F.R. 42242.  By this notice, various rules governing Trademark Trial and Appeal Board inter partes proceedings are amended.  Certain amendments have an effective date of August 31, 2007, while most have an effective date of November 1, 2007.  For further information, the parties are referred to a reprint of the final rule and a chart summarizing the affected rules, their changes, and effective dates, both viewable on the USPTO website via these web addresses:
http://www.uspto.gov/web/offices/com/sol/notices/72fr42242.pdf
http://www.uspto.gov/web/offices/com/sol/notices/72fr42242_FinalRuleChart.pdf

By one rule change effective August 31, 2007, the Board's standard protective order is made applicable to all TTAB inter partes cases, whether already pending or commenced on or after that date.  However, as explained in the final rule and chart, this change will not affect any case in which any protective order has already been approved or imposed by the Board.  Further, as explained in the final rule, parties are free to agree to a substitute protective order or to supplement or amend the standard order even after August 31, 2007, subject to Board approval.  The standard protective order can be viewed using the following web address: http://www.uspto.gov/web/offices/dcom/ttab/tbmp/stndagmnt.htm